**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

|  |  |  |
|---|---|---|
| JOSE HERNANDEZ-ZAPATA, | : | **Hon. Jerome B. Simandle** |
| Petitioner, | : | Civil No. 10-3994 (JBS) |
| v. | : |  |
| PAUL SCHULTZ, | : | **OPINION** |
| Respondents. | : |  |

**APPEARANCES:**

> JOSE HERNANDEZ-ZAPATA, #73278-079
> F.C.I. Fairton
> P.O. Box 420
> Fairton, New Jersey  08320
> Petitioner Pro Se

**SIMANDLE**, District Judge

Jose Hernandez-Zapata, a federal inmate confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking restoration of 40 days of good conduct time forfeited as a disciplinary sanction.  For the reasons expressed below and because the face of the Petition and attachments show that Petitioner is not entitled to relief, this Court will summarily dismiss the Petition.

## I.  BACKGROUND

Petitioner challenges the loss of 40 days of earned good conduct time imposed by the Bureau of Prisons ("BOP") as a

disciplinary sanction while Petitioner was confined at FCI Fairton.

Petitioner executed the Petition on July 30, 2010.  The Clerk received it on August 5, 2010.  Petitioner asserts the following facts.  On March 12, 2009, Petitioner shared an eight-person cell with seven other inmates.  On that date, staff conducted a random search of Petitioner's cell.  The incident report, which is attached to the Petition, states:

> [On March 12, 2009, w]hile conducting a random search of Cell 243-246 (8 man cell) in HBL, I found a homemade weapon.  The weapon was located in a common area on top of a locker in the back of the cell.  The locker is the far left locker next to the window.  It was made of harden[ed] plastic and was sharpened to a point at one end.  The weapon was approximately 6 ½ inches long had black tape as a handle and had a black lanyard attached.  The occupants of this cell are: Hernandez-Zapata . . . .

(Docket Entry #1, p. 6.)

Petitioner testified at a disciplinary hearing on March 26, 2009.  The Discipline Hearing Officer ("DHO") Report dated March 31, 2009, is attached to the Petition.  The report summarizes Petitioner's statement:

> The inmate had no documentation to present at the DHO Hearing.  After being read the incident report by the DHO the inmate stated, My locker is in the front.  It was found in the back.  It's not mine.  Inmate made no complaints about procedural errors.

(Docket Entry #1, p. 9.)

The DHO found Petitioner guilty of code 104, Possession of a Weapon, based on the following findings:

> The DHO finds that on March 12, 2009, at about 6:21 pm . . . you did commit the prohibited act of Possession of a Weapon, code 104.  The specific evidence relied upon to support this finding was the written statement of the reporting staff member, M. Haubois, who states on 3/12/09 at about 6:21 p.m., he found a home made weapon in a common area on top of a locker in your cell.  It was made from hardened plastic and was sharpened to a point . . . .  Additionally, the DHO relied upon as evidence the photograph of the weapon.  You denied the weapon was yours.  The DHO explained to you during the hearing that contrary to your claim, inmates are accountable for contraband found in their cell and inmates have the responsibility of ensuring their areas are free of contraband.  In addition you provided no evidence, other than your statement that it's not mine.
>
> Therefore, having considered all relevant evidence, the DHO finds that the greater weight of the evidence supports the finding that you committed the prohibited act of Possession of a Weapon, code 104.

(Docket Entry #1, p. 10.)

The DHO sanctioned Petitioner with 60 days in disciplinary segregation and the loss of 40 days of good conduct time.  (Id.)

Petitioner asserts that he exhausted administrative remedies by appealing the disciplinary sanctions to the Warden, the Regional Office, and the Central BOP Office.  The final decision of Harrell Watts, Administrator of National Inmate Appeals, dated December 2, 2009, is attached to the Petition:

>You appeal the March 26, 2009, decision of the Discipline Hearing Officer (DHO) in which you were found to have committed the prohibited act of Possession of a Weapon (Code 104).  Specifically, you question how you could be charged for possession of a weapon when the weapon was not found in your possession but in a common area on top of a locker that was not even yours.  You request the incident report be expunged.
>
>Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>.  The DHO's decision was based upon the greater weight of the evidence that is detailed in Section V of the DHO report.  We find it reasonable for the DHO to have made this determination.  Records indicate you appeared before the DHO, were advised of your rights, and made a statement.  The DHO gave greater weight of the evidence to the written statement of the reporting staff member and the photograph of the weapon.  P.S. 5270.07 stipulates that inmates are responsible for keeping their area free of contraband.  Since the contraband was found in a common area of your assigned cell that was accessible to you, you were held responsible for the contraband.  Although you dispute the charge, we concur the evidence is sufficient to support the finding.  Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the decision, and the sanctions imposed were appropriate for the offense and in compliance with policy.  Your appeal is denied.

(Docket Entry #1, p. 13.)

In the Petition before this Court Petitioner argues:

>[T]here was insufficient evidence to support a finding of constructive possession of the knife . . . .  To be liable under a theory of constructive possession, there must be

4

affirmative evidence to support "an inference that the individual knowingly has both the power and the intention at a given time to exercise dominion and control over a thing either directly or through another person or persons.  Constructive possession necessarily requires both dominion and control over an object and knowledge of that object's existence."  United States v. Jenkins, 90 F. 3d 814, 817-818 (3d Cir. 1996 (quoting United States v. Iafelice, 978 F. 2d 92, 96 (3d Cir. 1992)) . . . .  "Dominion and control are not established, however, by 'mere proximity to the [contraband] or mere presence on the property where it is located or mere association with the person who does control the [contraband] or the property.'"  Id. (quoting United States v. Brown, 3 F. 3d 673, 680 (3d Cir. 1993)).  It is undisputed that the weapon was found in the room and that Petitioner was assigned to the cell in question.  However, Petitioner and seven (7) other inmates were assigned to this cell.  The area where the weapon was found is not controlled by Petitioner, nor is it his area in the cell.  See Exhibit B.  There was no competent evidence relied upon by the Disciplinary Hearing Officer ("DHO") that amounted to "some evidence" that Petitioner knew about the existence of the weapon, that Petitioner exercised or attempted to exercise dominion and control of the weapon, nor was there any evidence where an inference could be drawn that Petitioner exercised dominion and control through any of the other cell occupants.  This lack of sufficient evidence is underscored by the fact that the inmate whose locker the weapon was found not found liable in this matter, and along with one other individual had the incident report expunged from their record and were sent to the Drug program.  Thus, in effect, the BOP violated not only Petitioner's rights under the Due Process clause of the Constitution, there was an affirmative violation of the Equal Protection Clause as sell.  Even under the lesser standard of review of "some evidence" so set by the Supreme Court in

> Superintendent v. Hill . . . and under the BOP's standard of review that the DHO's decision be "based upon at least some facts and, if there was conflicting evidence, to be 'based on the greater weight of the evidence.'" See Scott v. Martinez, 2009 U.S. Dist. Lexis 23738 (quoting 28 C.F.R. 541.17(f), this sanction cannot stand because it contravenes the Constitution's Due Process and Equal Protection Clauses.

(Docket Entry #1, pp. 2-4.)

Petitioner seeks a writ directing the BOP to restore the 40 days of good conduct time and to credit him for each day he spent in administrative disciplinary segregation.  (Docket Entry #1, p. 4.)

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490

6

U.S. at 490-91).  This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on federal grounds, and he was incarcerated in New Jersey at the time he filed the Petition.  See Woodall, 432 F.3d at 242-44.

B.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a habeas petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 through Rule 1(b).  Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable to § 2241 through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d

37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C. Due Process

The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Federal inmates possess a liberty interest in good conduct time. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F. 2d 1396, 1399 (3d Cir. 1991); Levi v. Holt, 192 Fed. App'x. 158 (3d Cir. 2006). Where a prison disciplinary hearing results in the loss of good conduct time, due process requires: (1) 24 hours advance written notice of the disciplinary charges; (2) a hearing with the right to testify, call witnesses and present documentary evidence, when not unduly hazardous to correctional goals; and (3) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action. See Wolff, 418 U.S. at 564-566. In addition to the requirements of Wolff, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary [officer] are supported by some evidence in the

record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985) (citations and internal quotation marks omitted); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989). The Supreme Court explained the "some evidence" standard in this passage of Hill:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [officer]. We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Hill, 472 U.S. at 455-456 (citations and internal quotation marks omitted); see also Thompson, 889 F.2d 500.

Petitioner argues that the BOP violated due process by revoking his good conduct time credits without "some evidence" that he was guilty of possession of a weapon. He contends that the "some evidence" standard has not been satisfied because there was no evidence "that Petitioner knew about the existence of the weapon, that Petitioner exercised or attempted to exercise dominion and control of the weapon, nor was there any evidence where an inference could be drawn that Petitioner exercised dominion and control through any of the other cell occupants." (Docket Entry #1, p. 3.) He relies on United States v. Jenkins, 90 F. 3d 814 (3d Cir. 1996), for the proposition that he cannot be found guilty of possession of contraband without evidence that he had knowledge of the contraband and he exercised dominion and control over the contraband. However, Jenkins involved a defendant's direct appeal of his conviction by a jury for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The Third Circuit reversed because "the evidence did not establish the decisive nexus of dominion and control between the defendant and the contraband." Id. at 820. The Third Circuit held that the evidence of possession of cocaine by defendant was insufficient because it did not "amount to more than close proximity to the drugs and acquaintance with the residents of the apartment in which the drugs were found." Id. at 821.

Petitioner's reliance on Jenkins is misplaced since Jenkins involved a criminal conviction for drug possession and Petitioner was not convicted of a crime involving possession, but a prison disciplinary charge.  The standard of proof in a criminal case is "beyond a reasonable doubt," and the constitutionally required standard of proof in a prison disciplinary hearing is merely "some evidence" of possession.  "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact."  Hill, 472 U.S. at 455-56.

For example, in Hill, the Supreme Court reversed the state court's determination that the evidence of a disciplinary infraction was constitutionally deficient because it did not support an inference that more than one person had assaulted the victim; the Supreme Court held that the evidence before the disciplinary board satisfied the "some evidence" standard:

> The disciplinary board received evidence in the form of testimony from the prison guard and copies of his written report.  That evidence indicated that the guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted.  The guard saw three other inmates fleeing together down an enclosed walkway.  No other inmates were in the area . . . .
>
> The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.  Instead, due process in this context requires only that there be some evidence to support the findings made in the

11

> disciplinary hearing.  Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of the three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

Hill, 472 U.S. at 455-457 (citations omitted).

Similarly, in Santiago v. Nash, 224 Fed. App'x 175, 177 (3d Cir. 2007), Santiago brought a § 2241 petition challenging the loss of good conduct time where he was found guilty of possession of a hazardous tool after a guard found a tattoo gun needle taped to the frame of Santiago's bunk.  At the disciplinary hearing, Santiago denied knowledge of the needle and claimed there was insufficient evidence to find that he possessed the needle.  The Third Circuit rejected the argument:

> We agree with the District Court that some evidence existed to support the DHO's conclusions.  Although Santiago argues that he had no knowledge of the needle's presence, it was found within an area that Santiago was responsible for keeping contraband-free. Further, in the absence of direct evidence indicating an inmate's guilt of possession, the 'some evidence' standard may be satisfied by application of the constructive possession doctrine in limited circumstances where a small number of inmates are potentially guilty of the offense charged.

Santiago v. Nash, 224 Fed. App'x at 177 (citations omitted); accord Reynolds v. Williamson, 197 Fed. App'x 196 (3d Cir. 2006) (where habeas petitioner shared cell with another inmate and corrections officer found a 10-inch sharpened rod in the sink

drain of the cell and petitioner denied knowledge of weapon and did not have the necessary plumbing tools to retrieve the hidden shank from the drain, Third Circuit held that there was some evidence that he possessed the shank).

In this case, eight inmates shared Petitioner's cell and there was no direct evidence implicating Petitioner.  This Court holds that a one in eight chance or a 12.5% probability constitutes "some evidence" that Petitioner possessed the weapon. Compare Hill, 472 U.S. at 455-457 (where three inmates could have assaulted victim, there was some evidence that Hill was the assailant); Shelby v. Whitehouse, 399 Fed. App'x 121 (7th Cir. 2010) (where Shelby shared cell with four other inmates and one inmate had admitted that drugs found in the cell were his, disciplinary decision finding Shelby guilty of possession was supported by "some evidence," since collective responsibility among prisoners is not unconstitutional); Flannagan v. Tamez, 368 Fed. App'x 586, 590 (5th Cir. 2010) (there was "some evidence" where "contraband was found in [cell] that Flannagan share[d] with only five other inmates"); Hamilton v. O'Leary, 976 F. 2d 341, 346 n.1 (7th Cir. 1992) (where the most likely scenario was that one in eight prisoners had access to vent where weapons were found (12.5% probability) and the record before the disciplinary hearing board showed that there was a one in four probability, there was "some evidence" of petitioner's guilt of possession of

weapon) with Broussard v. Johnson, 253 F. 3d 874, 877 (5th Cir. 2001) (where the only evidence that petitioner possessed bolt cutters was the fact that they were found in the kitchen where he worked, to which 100 inmates had access, the evidence was insufficient to satisfy "some evidence" standard). Because the weapon was found in a common area of the cell Petitioner shared with only seven other inmates, there was "some evidence" that he possessed the weapon, and the BOP did not deprive Petitioner of good conduct time credits without due process.[1]

Petitioner also argues that the BOP violated his right to equal protection of the laws because "the inmate whose locker the weapon was found [on was] not found liable in this matter, and along with one other individual had the incident rep[]ort expunged from their record." (Docket Entry #1, pp. 3-4.) The equal protection claim fails for two reasons. First, unless Petitioner presented an equal protection claim to the BOP when he appealed the disciplinary action to the Warden, Regional Director and Central Office, the claim was not administratively exhausted and the final administrative decision does not show that Petitioner presented an equal protection claim. Moreover, Petitioner has not asserted facts showing that these two inmates were similarly situated to him, nor has he asserted facts showing

---

[1] Petitioner raises no other due process challenge and nothing before this Court indicates that the requirements of Wolf were not satisfied.

that BOP officials acted with discriminatory purpose.  See McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (person "who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination") (citation and internal quotation marks omitted); Plyler v. Doe, 457 U.S. 202, 216 (1982) (Equal Protection Clause guarantees that "all persons similarly circumstanced shall be treated alike"); Johnson v. Horn, 150 F.3d 276, 284 (3d Cir. 1998) (to state an equal protection claim, inmates must "allege and prove that they received different treatment from other similarly situated individuals or groups") (citation omitted).  Petitioner's equal protection claim accordingly fails.

As the Petition and attachments do not show that the final administrative decision violated the Constitution, laws or treaties of the United States, this Court will dismiss the Petition.

### III.   CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 with prejudice.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE, U.S.D.J.

Dated:   **April 4**   , **2011**